UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA ANN TOMOLONIUS, individually, and O.T., a minor, by her mother and next friend, MELISSA ANN TOMOLONIUS,
Plaintiffs,

v.

HANOVER INSURANCE COMPANY, (The),
Defendant

Case No. _____

**COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND BAD FAITH**
Jury Trial Demanded

## I. PARTIES & JURISDICTION

1. Plaintiff Melissa Tomolonius is a natural person domiciled in Bolton, Connecticut, and a citizen of the State of Connecticut for purposes of **28 U.S.C. § 1332**.

2. "Plaintiff **O.T.** is a minor who appears **by her mother and next friend, Melissa Ann Tomolonius**, pursuant to **Fed. R. Civ. P. 17(c)(2)**."

3. Defendant The Hanover Insurance Company ("Hanover") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653. Hanover is therefore a citizen of the State of Massachusetts for purposes of **28 U.S.C. § 1332**.

4. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1332(a)** because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in detail herein.

5. Venue is proper in the United States District Court for the District of Connecticut, Hartford Division, pursuant to **28 U.S.C. § 1391(b)(2)**, because a substantial part of the events or omissions giving rise to the claims occurred within this District and Division.

6. This Court also has jurisdiction under **28 U.S.C. §§ 2201–2202** to grant declaratory and injunctive relief where monetary damages alone are insufficient to prevent ongoing or future harm caused by Defendant's claims handling practices.

7. Pursuant to **Rule 38 of the Federal Rules of Civil Procedure** and the **Seventh Amendment** to the United States Constitution, Plaintiff hereby demands trial by a jury of twelve persons on all issues so triable.

(See *Exhibit i*, Affidavit of Melissa Ann Tomolonius, incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c), providing sworn factual foundation for the events described below.)

## II. FACTUAL ALLEGATIONS

The following factual summary is supported by the sworn Affidavit of Melissa Ann Tomolonius, executed September 2025, attached as Exhibit i. (See generally Aff. ¶¶ 1–6.)

1. On **May 11, 2025**, Plaintiff **Melissa Ann Tomolonius** was lawfully operating her **2006 Ford Escape XLT** in Connecticut when it was rear-ended by a third-party driver, rendering her vehicle inoperable. *(See **Exhibit 1**, Farmington Police Report confirming rear-end impact and Exhibit i, Aff. ¶¶ 1–2, confirming rear-end impact, citation issued to Kate A. Tripp under C.G.S. § 14-240(b), and resulting vehicle damage.)*

2. On May 12, Plaintiff was forced to pay for an Uber from her home at 65 Shoddy Mill Road, Bolton, Connecticut, to the US Post Office located at 111 Sheldon Road, in Manchester, Connecticut, in order to perform her job as usual, as well as pay out of pocket for a return Uber back home. *(See **Exhibit 2**, Uber ride receipts from May 12, 2025.)*

3. On **May 13, 2025**, Plaintiff received an **Enterprise rental agreement** (RA #86QFT5), reflecting that a temporary rental vehicle had been authorized while the claim was being handled. Plaintiff paid out of pocket for an Uber to pick her up at her home and bring her to the Enterprise rental location. *(See **Exhibit 3**, Enterprise rental agreement authorized by Hanover and Exhibit i, Aff. ¶¶ 2–3, describing claim initiation, rental authorization, and interim transportation hardship.)*

4. Also on **May 13, 2025**, Plaintiff emailed Hanover regarding **valuation expectations and comparable vehicles**. (See **Exhibit 4**, email chain with Hanover attaching KBB comparables.)

5. On **May 16, 2025**, Plaintiff emailed Hanover to **notify** the insurer of the **psychological impact on Minor Plaintiff O.T.**; **Hanover (Teresa Blom)** responded on the same date. *(See **Exhibit 5**, May 16 email exchange re O.T.'s emotional impact and Exhibit i, Aff. ¶ 4, confirming written notice to Hanover regarding O.T.'s trauma and Hanover's acknowledgment that a medical adjuster would be assigned.)*

6. On **May 17, 2025**, **O.T.** incurred her **first therapy session** (invoice in the appendix), followed by additional sessions including **June 3, 2025**, **June 30, 2025**, and **September 22, 2025**. *(See **Exhibit 6–7**, therapy invoices and clinical progress notes.)*

7. On **May 22, 2025**, **Hanover (Jeremy Feldman)** emailed Plaintiff **denying claim adjustment and offering only limited rental extension**; Plaintiff replied the same day disputing the decision. *(See **Exhibit 8**, May 22 email from Feldman denying rental extension and Exhibit i, Aff. ¶¶ 5–6, describing Feldman's refusal to adjust valuation and termination of rental coverage despite clear liability.)*

8. On **June 10, 2025**, Plaintiff booked a **self-paid Turo rental** set for **June 15–23, 2025**, totaling **$484.93**, to be able to maintain transportation to a long ago pre-planned, pre-paid, out of state family trip after Hanover declined to extend rental coverage. *(See **Exhibit 9**, Turo rental receipt June 15–23, 2025.)*

9. On **June 11, 2025**, Hanover communicated a **valuation** that Plaintiff believed was significantly **below** documented comparables (the thread includes attached photos and a KBB PDF). Plaintiff disputed the amount. (See **Exhibit 10**, June 11 email thread re low valuation and KBB attachment.)

10. On **June 17, 2025**, **Hanover (Teresa Blom)** sent a **"Ten Days to Pursue Claim"** letter (re: **insured Richard Tripp**, Claim **85-00783262 01**) stating the claim would be **closed** if Hanover did not hear from Plaintiff within ten days. (See **Exhibit 11**, June 17 Hanover closure-threat letter, Claim 85-00783262.)

11. From **June 18 to September 3, 2025**, Plaintiff and **Hanover (Cole Auger)** exchanged emails regarding **O.T.'s therapy sessions** and documentation. (See **Exhibit 12**, June–Sept email thread re therapy coverage.)

12. Despite repeated written requests between **June and September 2025** for **fair valuation, rental reimbursement**, and **timely resolution**, Hanover either **declined** or **did not meaningfully respond**, including the **May 22** denial of any **rental extension** and the **June 17** warning of **administrative closure**.

13. As a result of the **denied rental extension** and ongoing delays, Plaintiff incurred **out-of-pocket transportation costs** (including **June 15–23** Turo rental), and **Minor Plaintiff O.T.** continued in therapy addressing crash-related **anxiety** and **trauma**.

14. The claim file correspondence reflects a pattern of **delay, non-explanation**, and cycling communications that Plaintiff alleges constitute **unfair settlement practices**, to be proven through discovery of Hanover's **claim files, internal guidelines, and complaint histories**. *(Emails and attachments summarized in the appendix index; examples include May 13 expectations/comps, May 22 denial, June 17 closure threat, June–Sept therapy-related exchanges.)*

*The sworn affidavit (Exhibit i) further documents the insurer's repeated delays, refusal to communicate, and resulting financial and emotional harm, which form the factual basis for each count below.*

## III. CAUSES OF ACTION

**Count I – Breach of the Implied Covenant of Good Faith and Fair Dealing**

1. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant Hanover, as the insurer responsible for handling the accident claim, owed Plaintiff a duty of good faith and fair dealing in evaluating, investigating, and resolving her claim promptly and fairly. *(Supported by Exhibit i, Aff. ¶¶ 3–6, detailing Hanover's refusal to pay fair value, premature termination of rental benefits, and failure to communicate in good faith.)*

3. Defendant acted with deliberate indifference to Plaintiff's emotional well-being **and to the mental health of Minor Plaintiff O.T,** as well as the rights and interests by knowingly delaying claim resolution, undervaluing the loss, and terminating transportation coverage despite acknowledging liability and the foreseeable harm caused by such actions.

4. Defendant's conduct breached the implied covenant of good faith and fair dealing inherent in all insurance contracts, proximately causing Plaintiff economic loss, emotional distress, and substantial disruption to her daily life.

**WHEREFORE**, Plaintiff respectfully requests that judgment enter in her favor on Count I, awarding compensatory damages for economic loss, emotional distress, and related consequential damages caused by Defendant's breach of the implied covenant of good faith and fair dealing, together with costs, interest, and such other relief as the Court deems just and proper.

### Count II – Bad Faith Insurance Practices (Including CUIPA/CUTPA Under Supplemental Jurisdiction)

These statutory causes of action arise solely under Connecticut law. They do not present a federal question under 28 U.S.C. § 1331.

Jurisdiction is proper only through this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and, to the extent applicable, its supplemental jurisdiction under 28 U.S.C. § 1367(a) because these state-law claims are part of the same case or controversy as the accompanying federal and common-law counts.

1. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Under **28 U.S.C. § 1367**, Plaintiff invokes supplemental jurisdiction over claims arising under the **Connecticut Unfair Insurance Practices Act** ("CUIPA") and the **Connecticut Unfair Trade Practices Act** ("CUTPA"), **Conn. Gen. Stat. §§ 38a-815 et seq., 42-110a et seq.**, as Defendant Hanover was required to comply with these statutes while conducting insurance business in Connecticut.

3. On information and belief, Hanover engages in the foregoing unfair claim-settlement practices with such frequency as to constitute a general business practice, which will be substantiated through discovery—including other claim files, internal claims-handling manuals and guidelines, and complaint/Department-of-Insurance records. *(See Exhibit i, Aff. ¶¶ 5–6, illustrating Hanover's repeated disregard of settlement obligations, failure to provide reasonable explanations, and compulsion of litigation.)*

4. Defendant acted in bad faith and with deliberate indifference to Plaintiff's rights by:
   - Failing to conduct a reasonable investigation;
   - Refusing to honor clear liability;
   - Terminating rental coverage with knowledge of Plaintiff's reliance and safety risks;

- Ignoring multiple settlement demands;
- Refusing escalation requests;
- Disregarding Plaintiff's documented mental health concerns and therapy needs for her minor child;
- Placing corporate profit above statutory duties and basic decency.

5. Defendant's conduct demonstrates a reckless and willful disregard for its obligations under Connecticut law and federal diversity jurisdiction, justifying compensatory, punitive, and equitable relief.

**WHEREFORE**, Plaintiff respectfully requests judgment on Count II, awarding actual damages, punitive damages, attorneys' fees, and equitable relief as authorized by Conn. Gen. Stat. § 42-110g(a)–(d), for Defendant's unfair and deceptive acts or practices in violation of the Connecticut Unfair Insurance Practices Act and the Connecticut Unfair Trade Practices Act, together with costs, interest, and such further relief as the Court finds appropriate.

### Count III – Intentional Infliction of Emotional Distress (IIED)

1. Plaintiffs repeat and incorporate by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's actions—including revoking transportation coverage after acknowledging liability, ignoring multiple written settlement demands, and knowingly forcing Plaintiff Melissa to rely on a totaled and unsafe vehicle—constitute conduct so extreme and outrageous as to exceed all bounds tolerated in a civilized society.

3. Defendant intended to cause, knew, or should have known that its conduct would cause severe emotional distress to both Plaintiffs, particularly after being repeatedly informed that Minor Plaintiff O.T. was experiencing psychological harm and required therapy.

4. As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff Melissa has suffered significant emotional distress, anxiety, and mental anguish, and Minor Plaintiff O.T. has suffered severe emotional distress, anxiety, and ongoing psychological trauma requiring therapeutic intervention.

**WHEREFORE**, Plaintiff respectfully requests judgment on Count III, awarding compensatory damages for severe emotional distress, mental anguish, and loss of

enjoyment of life; punitive damages for Defendant's willful and outrageous conduct; and such additional relief as the Court deems equitable and just.

### Count IV – Negligent Infliction of Emotional Distress (NIED)

1. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Even if Defendant's conduct is not deemed intentional, Defendant acted negligently and with deliberate indifference in disregarding the foreseeable risk that its actions—claim delays, coverage termination, refusal to communicate, and undervaluation—would cause emotional harm to Plaintiff Melissa and Minor Plaintiff O.T..

3. Defendant knew or should have known that its conduct created an unreasonable risk of emotional distress likely to result in illness, anxiety, or other severe harm.

*(See Exhibit i, Aff. ¶ 4, confirming notice of O.T.'s anxiety and ongoing therapy, and Aff. ¶ 6, describing emotional and financial strain caused by Hanover's inaction.)*

**WHEREFORE**, Plaintiff respectfully requests judgment on Count IV, awarding compensatory damages for emotional suffering, therapy costs, and associated losses proximately caused by Defendant's negligent conduct, together with interest, costs, and such further relief as the Court may deem proper.

### Count V – Punitive Damages

1. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

2. Defendant's conduct was willful, wanton, reckless, malicious, and carried out with deliberate indifference to Plaintiff's rights, safety, and well-being.

3. Such conduct warrants an award of punitive damages under both federal common law principles and Connecticut law to punish Defendant and deter similar misconduct by insurers in the future.

These damages are supported by the sworn Affidavit of Melissa Ann Tomolonius (Exhibit i), attesting to direct economic losses, rental and transportation expenses, lost wages, and emotional trauma sustained by both Plaintiffs.

**WHEREFORE,** Plaintiff respectfully requests judgment on Count V, awarding punitive and exemplary damages in an amount sufficient to punish Defendant and deter similar misconduct, along with costs, interest, and any other relief the Court deems appropriate under law and equity.

### Count VI – Declaratory and Injunctive Relief (28 U.S.C. §§ 2201–2202)

1. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.
2. Plaintiff seeks a declaratory judgment that Defendant's claims-handling practices in this matter were unlawful and in violation of its contractual and statutory obligations.
3. Plaintiff further seeks injunctive relief requiring Defendant to:
   - Implement mandatory training for claims adjusters on good faith practices;
   - Establish written escalation and complaint procedures;
   - Submit to judicial oversight to prevent further bad faith practices in Connecticut.
4. Such relief is warranted given Defendant's deliberate indifference to its obligations and the foreseeable harm caused by its systemic disregard for claimants' rights.

**WHEREFORE,** Plaintiff respectfully requests judgment on Count VI declaring that Defendant's claims-handling practices violated its contractual, statutory, and common-law duties; enjoining Defendant from continuing such unfair practices; and granting such further equitable and declaratory relief as the Court finds necessary and proper to protect the public and ensure compliance with the law.

**Jury Demand:** Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment, Plaintiffs demand trial by jury on all issues so triable.

### IV. ARGUMENT - PROFITS OVER PROFESSIONALISM AND MORAL OBLIGATION CANNOT BECOME THE STATUS QUO

Defendant's conduct in this matter reflects a disturbing corporate philosophy: that maximizing profit outweighs contractual obligations, public trust, and basic moral decency. By knowingly delaying claim resolution, terminating critical coverage, and disregarding the

well-being of a single mother and her minor child, Defendant acted with deliberate indifference to the harm it caused.

Insurance companies operate under a unique public trust. Policyholders and third-party claimants rely on insurers not only for financial protection but for good faith, timely, and ethical conduct when tragedy strikes. When insurers prioritize profit over professionalism and moral obligation, it erodes this trust and invites systemic abuse across the industry.

The law does not permit — and this Court should not tolerate — the normalization of such practices. Without accountability, deliberate indifference and reckless disregard for claimant rights risk becoming the industry standard, leaving families like Plaintiff's vulnerable to further harm.

Punitive damages and injunctive relief are therefore essential not only to redress Plaintiff's injuries but to deter future misconduct and to ensure that profit cannot outweigh moral duty, professionalism, and the lawful obligations insurers owe under both federal and state law.

## V. DAMAGES DEMANDED

As a direct and proximate result of Defendant Hanover's bad faith, reckless claims handling, and willful disregard for **Plaintiffs'** rights, **Plaintiffs Melissa Ann Tomolonius and Minor Plaintiff O.T.** have suffered extensive economic and non-economic harm. Plaintiffs therefore seek the following damages, the total amount of which exceeds the jurisdictional minimum under **28 U.S.C. § 1332(a)**:

### 1. Economic Damages — Plaintiff Melissa Ann Tomolonius

**$50,000.00** in actual economic losses, including but not limited to:
- Total loss of her vehicle;
- Rental car and substitute transportation expenses incurred due to Hanover's denial/termination of coverage;
- Out-of-pocket transportation costs;
- Lost wages associated with lack of reliable transportation.

*(All amounts subject to proof at trial.)*

### 2. Economic Damages — Minor Plaintiff O.T.

**Therapy/medical expenses** reasonably and necessarily incurred for O.T.'s treatment of post-traumatic stress symptoms arising from the accident and Hanover's handling of the claim, **in amounts to be proven at trial.**

*To the extent any such expenses were paid by Melissa, she seeks reimbursement of those payments; otherwise, such expenses are sought on behalf of O.T.*

### 3. Non-Economic Damages — Plaintiff Melissa Ann Tomolonius

**$100,000.00** for non-economic harm, including severe inconvenience and disruption to family life, emotional distress, anxiety, and loss of enjoyment of life resulting from Hanover's intentional delays, underpayment, and wrongful termination of transportation coverage.

### 4. Non-Economic Damages — Minor Plaintiff O.T.

**$100,000.00** for psychological trauma, anxiety, and ongoing clinical therapy needs arising from the accident and the prolonged distress caused by Hanover's refusal to promptly and fairly resolve the claim.

### 5. Bad-Faith / Aggravated Damages

**$50,000.00** attributable to Hanover's bad faith, including failure to reasonably investigate and resolve the claim; refusal to honor obligations after acknowledging liability; and knowing disregard of Plaintiffs' rights and foreseeable harms.

### 6. Punitive Damages

**$250,000.00** in punitive damages for willful, wanton, and malicious conduct in claims handling, necessary to punish and deter Hanover and similarly situated insurers from engaging in such misconduct in the future. *(Plaintiffs further request such additional punitive amounts as the jury deems just and proper consistent with due process guideposts.)*

### 7. Attorneys' Fees and Costs

Attorneys' fees and litigation costs **as permitted by law**, including **Conn. Gen. Stat. § 42-110g(d)** (CUTPA), and taxable costs under applicable federal and state law.

### 8. Injunctive and Declaratory Relief

Equitable relief requiring Hanover to implement fair claims-handling practices— including written settlement standards, documented valuation explanations, reasonable response timelines, escalation protocols, training, and internal audits/oversight—together with **declaratory relief** confirming the unlawfulness of the practices alleged herein.

### VI. PRAYER FOR RELIEF

Plaintiffs Melissa Ann Tomolonius and O.T., a minor, by her mother and next friend, respectfully request that the Court enter judgment in their favor and against The Hanover American Insurance Company and award:

1. **Economic Damages** – Award Plaintiff $50,000.00 for economic losses including vehicle loss, rental car expenses, transportation costs, lost wages, and therapy expenses for her minor child;

2. **Non-Economic Damages** – Award Plaintiff $100,000.00 for emotional distress, loss of enjoyment of life, inconvenience, and massive disruption to daily living caused by Defendant's conduct;

3. ~~**Non-Economic Damages** – Minor Plaintiff O.T. – Award O.T. $100,000.00 for~~ psychological trauma, anxiety, and ongoing therapy needs suffered by her minor child;

4. **Bad Faith Damages** – Award Plaintiff $50,000.00 for damages resulting from Defendant's deliberate indifference and bad faith claims handling practices;

5. **Punitive Damages** – Award Plaintiff $250,000.00 in punitive damages to punish and deter Defendant's willful, wanton, reckless, and deliberately indifferent misconduct, with full discretion for the jury to award additional punitive damages as they deem just and proper;

6. **Declaratory Relief** – Issue a declaratory judgment under **28 U.S.C. §§ 2201–2202** that Defendant's actions violated its contractual obligations, the implied covenant of good faith and fair dealing, and applicable statutory obligations including CUIPA and CUTPA;

7. **Injunctive Relief** – Order appropriate injunctive relief under **28 U.S.C. §§ 2201–2202**, to be specified after discovery, requiring Defendant to implement reforms and practices ensuring compliance with lawful and good faith claims handling obligations;

8. **Attorneys' Fees and Costs** – Award Plaintiff's administrative service provider, A Court of Record, an amount equal to 25% of any recovery in this matter as a contingency fee for litigation support, along with all litigation costs and fees incurred in pursuing this action;

9. **Pre- and Post-Judgment Interest** – Award Plaintiff pre- and post-judgment interest as permitted by law;

10. **Further Jury-Determined Damages** – Grant the jury full discretion to award additional damages beyond the amounts requested should they find such relief just and proper based on the evidence presented at trial.

**Respectfully submitted,**

*[signature: Melissa Tomolonius]*

**Melissa Ann Tomolonius, individually and as next friend of O.T., a minor.**

c/o A Court of Record Administrative Services
PO Box 437
Manchester, Connecticut  06045
(860) 874-9412
courtofrec@gmail.com
Plaintiffs

Dated: October 2, 2025